UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LUIS F. ZAPATA,

               Plaintiff,

         v.                              **MEMORANDUM AND ORDER**
                                                24-CV-3785 (OEM) (CHK)

JEFFREY STEFANSKI, Shield #6229; LT.
CHRISTOPHER BANNON; SGT.
MICHAEL SIMONE, Shield #710, 120th
Precinct; DAVID BLACK, Shield #20798,
120th Precinct; LEE MALDONADO, Shield
#3574, 120th Precinct; ANTONIO
CANNATA, Shield #2800; JOHN
WILKINSON, Shield #2497; and ARTHUR
LEAHY, Shield #1783,

               Defendants.

-------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

    *Pro se* plaintiff Luis Zapata ("Plaintiff") brings this 28 U.S.C. § 1983 lawsuit against several NYPD officers ("Defendants"), alleging excessive force from tight handcuffing, deliberate indifference to serious medical needs, false arrest, and malicious prosecution. Defendants move to dismiss on the ground that Plaintiff fails to state a claim. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

    Plaintiff brings multiple claims against Defendants in connection with his May 2023 arrest and subsequent prosecution. The complaint first alleges that Plaintiff's "handcuffs [were] to[o] tight" during the arrest and that "no one wanted to remove" them during his transportation to the precinct. Complaint ("Compl.") at 4, Dkt. 1. According to Plaintiff, Defendants also ignored his

request for medical assistance, despite the fact that he was "scre[a]ming to the to[p] of [his] lungs" about "shoulder pain" and his hands "swelling." *Id.*

The complaint separately alleges that the officers were "making false information and false prosecution," and that his attorney in his criminal case is ineffective. *Id.* at 4–5.

In May 2024, the Court *sua sponte* dismissed Plaintiff's claims against his criminal defense attorney but allowed his claims against the officers to proceed to the motion to dismiss stage. *See* Order, dated July 25, 2024. Defendants move to dismiss the remaining claims. *See*, Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(C) ("Mot."), Dkt. 19.

## STANDARD OF REVIEW

A complaint survives a motion to dismiss under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility standard does not demand "detailed factual allegations," but it does require more than "labels and conclusions' or 'a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Where, as here, the plaintiff is proceeding *pro se*, the complaint must "be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nevertheless, a *pro se* plaintiff must "still comply with the relevant rules of procedural and substantive law," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005), and courts "cannot invent

2

factual allegations that [the plaintiff] has not pled," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Liberally construed, Plaintiff appears to allege constitutional claims under 28 U.S.C. § 1983 for excessive force, deliberate indifference to medical needs, false arrest, and false prosecution. Because Plaintiff fails to state any of these claims, his complaint is dismissed.

### A. Excessive Force

A claim for excessive force based on tight handcuffing "is analyzed under the Fourth Amendment reasonableness standard." *Selvaggio v. Patterson*, 93 F. Supp. 3d 54, 73 (E.D.N.Y. 2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Under that standard, the key question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397.

In evaluating a tight handcuffing claim, courts typically consider whether (1) "the handcuffs were unreasonably tight," (2) "the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight," and (3) "the degree of injury to the wrists." *Selvaggio*, 93 F. Supp. 3d at 74 (citation omitted and alteration in original) (collecting cases). "The injury requirement is particularly important, because in order to be effective, handcuffs must be tight enough to prevent the arrestee's hands from slipping out." *Id.* (citations and quotation marks omitted). To state a claim, therefore, the plaintiff "must have suffered an actual injury that resulted from Defendants' use of force." *Wist v. Middletown Police Dep't*, No. 22 CIV. 7570 (JCM), 2025 WL 2592544, at *7 (S.D.N.Y. Sept. 8, 2025) (citation omitted); *see Selvaggio*, 93 F. Supp. 3d at 74 ("[T]here is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force

3

unless it causes some injury beyond temporary discomfort." (citation omitted and alteration in original)).  The injury need not be "severe or permanent," but it "must be more than merely 'de minimis.'" *Selvaggio*, 93 F. Supp 3d at 74 (citation omitted); *see also Wist*, 2025 WL 2592544, at *7.

The complaint here fails to satisfy the injury requirement.  The only allegations in the complaint that describe Plaintiff's injuries state that, during his arrest, he had "shoulder pain" and "swelling" from the handcuffs.  Compl. at 4.  Plaintiff does not allege that the shoulder pain, swelling, or any other injury persisted after the arrest.  *See id.*  Courts have consistently concluded that plaintiffs alleging "temporary discomfort" of this sort fail to meet the injury requirement. *Selvaggio*, 93 F. Supp. 3d at 74 (citation omitted); *see, e.g.*, *Hilderbrandt v. City of New York*, No. 13-CV-1955 (ARR) (VVP), 2014 WL 4536736, at *8 (E.D.N.Y. Sept. 11, 2014) (dismissing an excessive force claim because the allegation that "tight handcuffs caused soreness to [plaintiff's] wrists and bruises to his thumbs that lasted 'a couple days'" failed to meet the injury requirement); *Guerrero v. City of New York*, No. 12 CIV. 2916, 2013 WL 5913372, at *6 (S.D.N.Y. Nov. 4, 2013) (dismissing an excessive force claim because the allegation that "handcuffs caused 'swelling and contusions'" amounted only to *de minimis* injury).

Because Plaintiff fails to allege that he sustained anything beyond *de minimis* injuries from tight handcuffing, his claim for excessive force is dismissed.

### B.  Deliberate Indifference to Medical Needs

The Eighth Amendment bars government officials from imposing "cruel and unusual punishments," including those "involving the unnecessary and wanton infliction of pain." *Collymore v. Krystal Myers*, *RN,* 74 F.4th 22, 30 (2d Cir. 2023) (citing U.S. Const. amend VIII and *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  Given that prohibition, a plaintiff may state an

Eighth Amendment claim "arising out of inadequate medical care" if he plausibly establishes "deliberate indifference to [his] serious medical needs." *Id.* (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An official is deliberately indifferent to an arrestee's serious medical needs if "the official knows of and disregards an excessive risk to [the arrestee's] health or safety," meaning "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff has not plausibly alleged deliberate indifference. The complaint provides scant detail about Defendants' alleged refusal to provide medical treatment. According to the complaint, Plaintiff "scre[a]m[ed]" that he needed medical treatment "for [his] shoulder pain and [his] hands" because of "swelling" from the handcuffs. Compl. at 4. Plaintiff alleges that in response, Defendants "laugh[ed]" and remarked that Plaintiff "shouldn't [have] put [his] hands on [his] ex-wife." *Id.* These allegations fail to establish that Defendants knew of and disregarded an "excessive risk" to Plaintiff's safety. *Gregg*, 428 U.S. at 173. The fact that Plaintiff complained of shoulder and hand pain does not plausibly establish "that he was in such extreme and obvious need of medical attention that [the defendants] should have been aware of it." *Bennett v. Vaccaro*, No. 08 CIV. 4028 LTS MHD, 2011 WL 1900185 (S.D.N.Y. Apr. 11, 2011), *report and recommendation adopted*, No. 08 CIV. 4028 (LTS) (MHD), 2011 WL 1900172, at *7 (S.D.N.Y. May 18, 2011); *see Guerrera Tooker v. Town of Southampton*, No. CV 17-6006 (JS) (ARL), 2019 WL 1227805 (E.D.N.Y. Jan. 23, 2019), *report and recommendation adopted sub nom. Tooker v. Town of Southampton*, No. 2:17-CV-06006, 2019 WL 1233629 (E.D.N.Y. Mar. 12, 2019) ("[T]he entire substance of [plaintiff's] claim that the defendants were deliberately indifferent to her serious medical needs is set forth in three sentences. . . . The court is simply unable to evaluate

whether her injuries were serious enough to warrant comment or treatment or to assess whether the actions of the defendants in relation to those alleged injuries were something more than negligent.").

Because the complaint fails to plausibly allege deliberate indifference, Plaintiff's claim for deliberate indifference to serious medical needs is dismissed.

### C. False Arrest and Malicious Prosecution

Lastly, Plaintiff alleges that the officers are "making false information and false prosecution." Compl. at 4. Liberally construed, this allegation appears to assert claims for false arrest and malicious prosecution.

Both claims are barred as a matter of law because Plaintiff's ongoing prosecution has not yet been favorably terminated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Supreme Court has extended this rule to claims that imply the invalidity of an "ongoing prosecution." *McDonough v. Smith*, 588 U.S. 109, 123 (2019). As a result, if a plaintiff's claims imply the invalidity of his ongoing prosecution or his conviction, he must demonstrate "favorable termination" of that prosecution or conviction to state a claim. *Id.* Applying this rule, courts in this circuit have routinely determined that false arrest and malicious prosecution claims imply the invalidity of a plaintiff's prosecution and conviction. *See, e.g.*, *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12 (E.D.N.Y. 2012) (granting summary judgment for defendant because false arrest and malicious prosecution claims were barred by *Heck*); *Prioleau v. Caserta*, No. CV 10-5670 (SJF) (ETB), 2012 WL 5389992, at *5–6 (E.D.N.Y. Sept. 12, 2012), *report and*

*recommendation adopted*, No. 10-CV-5670 (SJF) (ETB), 2012 WL 5389931 (E.D.N.Y. Oct. 29, 2012) (same).

Here, Plaintiff has not shown favorable termination. According to the New York State Unified Court System's website, he is still awaiting trial on the charges attendant to his arrest.[1] As a result, Plaintiff's false arrest and malicious prosecution claims are barred by *Heck* and are accordingly dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The complaint is dismissed without leave to amend because amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming a dismissal without leave to amend because "a proposed amendment would be futile"). The Clerk of Court is directed to enter judgment and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

     /s/  ORELIA MERCHANT
ORELIA E. MERCHANT
United States District Judge

Dated: February 4, 2026
      Brooklyn, New York

---

[1] The Court may take judicial notice "of all documents in the public record," including "documents retrieved from official government websites." *Mallett v. Town of Huntington*, 799 F. Supp. 3d 117 (E.D.N.Y. 2025) (citations omitted).